■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSE RILEY-JAMES, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

Defendant was charged with several crimes contained in a nine-count indictment stemming from his participation with five codefendants in the double murder, robbery and burglary that took place on the morning of March 9, 1988 at 57 First Street in the City of Albany. According to eyewitnesses, four men, including defendant, entered 57 First Street and began to ransack the premises. During the course of the incident two occupants, George Mosley and William Paterson, were killed by gunshot wounds to the head. Defendant subsequently fled south toward New York City with the five codefendants and was apprehended just off the New Paltz exit of the Thruway and returned to Albany. Following a joint jury trial, defendant was convicted of two counts of second degree murder (felony murder), two counts of first degree robbery, two counts of first degree burglary and one count of second degree criminal possession of a weapon. Defendant was thereafter sentenced to an aggregate indeterminate term of 71⅔ years to life imprisonment.

On appeal, defendant challenges the admissibility of the pretrial identification made of him by Eric Smith, a witness to the entire crime. Defendant argues, *inter alia*, that the People failed to comply with the provision of the CPL requiring timely service of notice to defendant of the People's intention to offer such evidence *(see,* CPL 710.30). The original notice of trial filed by the People contained no reference to Smith's photo identification of defendant because William Kiernan, the detective who presented the photo array to Smith, failed to so inform the People. During the course of defendant's

suppression hearing, the prosecution informed County Court that it had just learned of Smith's pretrial identification and requested that the People be allowed to serve an amended notice of trial to include it. County Court, after conducting extensive inquiry to ensure that no one in the District Attorney's office had any prior knowledge of the identification, and after finding good cause shown, allowed the late notice *(see, People v Bernier,* 141 AD2d 750, 754, *affd* 73 NY2d 1006).

Pursuant to CPL 710.30 (2), the People must serve upon a defendant, within 15 days after arraignment, their notice of intention to offer evidence of a pretrial identification of a defendant *(see, People v McMullin,* 70 NY2d 855, 856). The court may allow for service of a late notice where the People show "good cause" for the delay (CPL 710.30 [2]; *see, People v O'Doherty,* 70 NY2d 479, 483). It is defendant's contention that County Court erred in permitting service of the late notice because the People failed to establish good cause for their noncompliance with CPL 710.30 and, as such, the pretrial and in-court identification should have been suppressed *(see, People v Bernier, supra).* We disagree. The purpose of the statute at issue is to protect a defendant by providing a pretrial ruling on the admissibility of adverse, suppressible evidence *(see, People v O'Doherty, supra,* at 488; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 710.30, at 113-114). It is also part of an over-all effort to provide orderliness and speed to pretrial motion practice *(see, People v O'Doherty, supra).* Thus, courts have leaned toward strict compliance with the statute's provisions *(see, e.g., People v Briggs,* 38 NY2d 319). However, "[s]ome flexibility is built into the notice requirement" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 710.30, at 114) and "unusual circumstances" may constitute good cause for the People's late notice *(see, People v O'Doherty, supra,* at 486).

The People argue that, given the number of defendants and investigating agencies involved, as well as the overwhelming amount of evidence, any knowledge of the pretrial identification on the part of the police department cannot be reasonably imputed to the prosecution. We agree. Although " 'inadequacy of internal communication within the law enforcement establishment' " is generally an insufficient basis for failing to provide a defendant with timely notice *(People v Spruill,* 47 NY2d 869, 871, quoting *People v McLaurin,* 38 NY2d 123, 126), where there exists "an attenuated relationship" between the officer conducting the pretrial identification and the prosecutor, good cause for late notice may be shown

*(People v O'Doherty, supra,* at 486). Here, the officer who conducted the pretrial identification was one of dozens of law enforcement officials who participated in the investigation of this matter. Six defendants were brought to trial in this case. At least five different agencies were involved, including the Albany Police Department, the State Police, the New York City Police Department, the New Paltz Police Department and the State Thruway Authority. Members of each agency testified at trial, including 13 detectives and police officers from the Albany Police Department and eight Troopers and investigators from the State Police. A considerable amount of physical evidence was involved, including over 60 items introduced by the People at trial and received into evidence. Given the obvious complexities of the case and the maze of information involved in the People's trial preparations, we find that County Court acted within its discretion in determining what constitutes "good cause" *(see, People v Fort,* 109 Misc 2d 990, 994) and properly allowed the People's late service of notice.

We also reject defendant's additional challenges to the admissibility of the pretrial identification. We find nothing "so unduly suggestive" in the photo array at issue that would create "a substantial likelihood of irreparable misidentification" *(People v McAvoy,* 142 AD2d 605, *lv denied* 73 NY2d 857). Accordingly, we find no reversible error in failing to produce Smith at the suppression hearing *(see, People v Hemingway,* 152 AD2d 818, 819, *lv denied* 74 NY2d 810).

We likewise reject defendant's argument that the statement he gave to the police after his arrest and upon his return to Albany should have been suppressed because it was the product of an illegal arrest made without probable cause. The vehicle in which defendant was riding before he was apprehended by the State Police was first observed by Trooper Nestor Rodriguez, who was acting on the basis of an all points bulletin originally issued by the Albany Police Department. Rodriguez was instructed to take up a certain position on the Thruway and to monitor southbound traffic for a gray 1983 Chevrolet automobile occupied by four black males. The bulletin in question furnished Rodriguez with the requisite probable cause as an eyewitness's account provided the description of the suspects. In our view, the actual knowledge possessed by the bulletin's sender, as well as the personal observation of Rodriguez, justified the action taken *(see, People v De Bour,* 40 NY2d 210, 223-224).

We have examined defendant's remaining arguments, including those contained in his *pro se* brief, and find all but one

to be meritless. Defendant argues that his consecutive sentences are invalid pursuant to Penal Law § 70.25 (2). That provision requires that sentences imposed for two or more offenses must run concurrently where the "offenses [were] committed through a single act or omission, or through an act or omission which in itself constitute[s] one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Here, defendant's possession of a weapon was a material element of both first degree robbery and first degree burglary *(see,* Penal Law § 140.30 [1]; § 160.15 [2]) and arose out of a single and continuous transaction. Therefore, the sentence imposed for criminal possession of a weapon must run concurrently *(see, People v Ferkins,* 116 AD2d 760, 764-765, *lv denied* 67 NY2d 942). Similarly, the sentences imposed under the robbery and burglary convictions, material elements of the felony murder convictions, must run concurrently with the felony murder sentences *(see, People v Hildreth,* 148 AD2d 879, 882-883, *lv denied* 73 NY2d 1016). The sentences imposed for the felony murder convictions may, however, run consecutively because the record demonstrates that separate acts caused the two deaths and neither offense is a material element of the other *(see, People v Truesdell,* 70 NY2d 809, 811). Although not required to impose consecutive sentences for said convictions, we find no abuse of County Court's discretion in this regard.

Judgment modified, on the law, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for the convictions of the crimes of robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree; said sentences for these crimes to run concurrently with the remaining sentences; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.