■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLEMAGNE JEAN-PIERRE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1988, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

Defendant was one of six men who came to the City of Albany from New York City by automobile and, on the morning of March 9, 1988, were alleged to have murdered two victims in a house at 57 First Street. The six men were each indicted for two counts of second degree murder (Penal Law § 125.25 [1] ), two counts of second degree murder (Penal Law § 125.15 [3] ), two counts of first degree robbery (Penal Law § 160.15 [1], [2] ), two counts of first degree burglary (Penal Law § 140.30 [1], [2] ) and one count of criminal possession of a weapon in the second degree (Penal Law § 265.03).[1] Following a jury trial in which all six defendants were tried jointly, defendant was acquitted on all counts except criminal possession of a weapon in the second degree. He was sentenced as a second felony offender to a prison term of 7½ to 15 years and has brought this appeal.

Defendant first asserts that he was denied a fair trial because the entire jury panel had been contaminated by pretrial publicity given the case by the media and because some jurors indicated that discussion of the case occurred in the jury lounge. We note initially that unless a challenge to the entire panel is made in writing and before selection of the jury commences, it has been waived (CPL 270.10 [2]; *see, People v Consolazio,* 40 NY2d 446, 455, *cert denied* 433 US 914). The failure to timely lodge this challenge here resulted in a waiver. Additionally, this court has held that "jurors need not be totally ignorant of the facts and issues involved" *(People v Butts,* 140 AD2d 739, 740; *see also, People v Bosket,* 168 AD2d 833) and that "[o]nly when it is shown that there is

---

1. Codefendant Roy J. Bolus was also indicted on a tenth count of attempted murder in the second degree.

a substantial risk that the predisposition will affect the juror's ability to discharge [his or] her responsibilities is disqualification appropriate" *(People v Butts, supra,* at 740; *see, People v Williams,* 63 NY2d 882, 885). Here, the record shows that County Court made an extensive inquiry of each individual juror selected and took proper precautions to insure that the jurors were impartial and that defendant received a fair trial. We also reject defendant's contention that the court abused its discretion in refusing to grant additional peremptory challenges. Defendants collectively received 35 peremptory challenges, more than required by CPL 270.25 (2) (a), which dissipates this defendant's contention.

Defendant next argues that County Court erred by limiting the cross-examination of two eyewitnesses produced by the prosecution, claiming that both had prior criminal records and were "denizens of a drug house". He contends that the use of unspecified substances could well have impaired their ability to perceive the events to which they offered testimony. We find this argument to be without merit. The record shows that one witness was cross-examined about her drug use and that no attempt was made to cross-examine the other witness about either her criminal background or drug use. Although County Court did restrict questions about the use of drugs by the victims, such use was properly determined by the court to be irrelevant.

Nor was it error for County Court to have denied defendant's motion for a mistrial following the in-court identification of codefendant Lance Sessoms by Elizabeth Thompson, who was an eyewitness to the shootings. As part of the identification, Thompson was directed to leave the witness stand and to touch Sessoms. She struck him repeatedly, which all of the defendants contended produced shock and high drama in the courtroom and required a mistrial.[2] We disagree. The decision to declare a mistrial necessarily rests in the broad discretion of the Trial Judge, who is best situated to consider all the circumstances and determine whether a mistrial is actually required, and such determination should be afforded great deference by appellate courts *(see, Matter of Plummer v Rothwax,* 63 NY2d 243, 250). Here, defendant has failed to demonstrate how the identification of Sessoms, who was alleged to have been the actual shooter, deprived him of a fair trial even though the actions of Thompson produced unusual and untoward reactions.

---

2. It appears that counsel for each defendant moved for a mistrial.

We further find that defendant's argument that the indictment should have been dismissed for lack of evidence to support it requires little discussion. Viewing the facts most favorably to the prosecution and indulging all reasonable inferences in favor of the prosecution *(see, People v Ford,* 66 NY2d 428, 437), we find that it was entirely reasonable for the jury to have found the essential elements of the crime for which defendant was convicted to be present beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621; *see also, People v Roe,* 74 NY2d 20, 23). Here, there was testimony from police officers that defendant himself admitted he had been hired to drive individuals to Albany to "take care of some business" and that he knew that they brought weapons with them. Moreover, at the time of his arrest along with codefendants, the proceeds of the robbery were found in their possession.

Defendant has failed to demonstrate how he was prejudiced by the denial of his motion for a severance or in what manner he was denied a fair trial. We recognize that some degree of hostility between codefendants and some degree of prejudice is present in every joint trial, but much more is required to justify a separate trial *(see, People v Mahboubian,* 74 NY2d 174, 183-184). Defendant has not shown unfair prejudice which substantially impaired his defense *(see, People v Cruz,* 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186).

Finally, we have examined defendant's remaining arguments and find that each lacks merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.