(June 10, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PUGH, Appellant. [599 NYS2d 317] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

Defendant was one of six individuals who came to the City of Albany from New York City on the morning of March 9,

1988 for the apparent purpose of an armed break-in of a residence at 57 First Street and to intimidate and rob the occupants. Defendant and three of the codefendants made a forced entry and, at gun point, ransacked the premises looking for drug money. During the course of the robbery, two of the occupants were ordered to lie on the floor and each was shot in the head in what was characterized as "execution style". At the time of the murders defendant was covering the victims with a pistol grip short barrel shotgun. The six then fled in a car and drove south on the Thruway. Alerted by an all-points bulletin, the police observed defendant and his codefendants as they passed Kingston and followed the vehicle when it exited at the New Paltz interchange without stopping at the toll booths. When the car attempted to evade a roadblock it struck an embankment and all six were apprehended and returned to Albany. Defendant was indicted on two counts of intentional murder (Penal Law § 125.25 [1]), two counts of felony murder (Penal Law § 125.25 [3]), two counts of robbery in the first degree, two counts of burglary in the first degree and one count of criminal possession of a weapon in the second degree. After a joint trial of the six participants, defendant was convicted on all nine counts.

We note that the appeals of three codefendants have already been heard (see, People v Bolus, 185 AD2d 1007, lv denied 81 NY2d 785; People v Jean-Pierre, 169 AD2d 932, lv denied 77 NY2d 962; People v Riley-James, 168 AD2d 740, lv denied 77 NY2d 966). In those appeals the issues of probable cause for the arrest, denial of a trial severance and denial of a mistrial following the in-court identification of codefendant Lance Sessoms were all determined favorably to the People. Our review of these issues in the context of this defendant presents no basis upon which to alter our prior determinations.

Defendant erroneously contends that his fundamental constitutional right to due process was violated when jurors were questioned at the bench outside his presence regarding potential bias and fitness (see, People v Antommarchi, 80 NY2d 247). The right of a defendant to be present in such circumstances is rooted in State statute (see, CPL 260.20) and is not a constitutional right (see, People v Mitchell, 80 NY2d 519, 527). Moreover, the rule established in People v Antommarchi (supra) has been applied prospectively only to jury selections occurring after October 27, 1992 (People v Mitchell, supra, at 529; People v Woolfolk, 192 AD2d 883; People v Morin, 192 AD2d 791) and, accordingly, is inapplicable in this case.

Defendant's principal contention is that his sentence is unduly harsh and excessive. Initially, the People concede that the sentence for criminal possession of a weapon in the second degree must run concurrently with the sentences for burglary in the first degree and robbery in the first degree (see, People v Bolus, 185 AD2d 1007, 1009, supra; People v Riley-James, 168 AD2d 740, 743, supra). Defendant was sentenced to the harshest legal sentence on each charge. The intentional murder prison sentences of 25 years to life were consecutive to each other and were consecutive to the 8⅓ to 25-year sentence on both the fifth count (robbery in the first degree) and the sixth count (burglary in the first degree). The final aggregate prison sentence, after the modifications described, will be 66⅔ years to life. Defendant contends that County Court failed to adequately consider his history, character and ability to be rehabilitated to productive citizenship. While the record suggests that this 19-year-old defendant had no previous criminal activity and that his family and acquaintances described him as quiet, caring and productive, County Court found that the crimes were particularly violent and brutal and that defendant participated fully and intentionally. We cannot say that County Court abused its discretion to the extent that the sentences should be disturbed except as previously stated.

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to serve a consecutive term of imprisonment for the conviction of the crime of criminal possession of a weapon in the second degree; the prison sentence for said crime shall run concurrently with the remaining sentences; and, as so modified, affirmed.