OPINION OF THE COURT
Norman J. Felig, J.
Defendant’s motion, inter alla, to preclude the admission into evidence at any ensuing trial of potential testimony *77 regarding two extrajudicial statements allegedly made by him based upon an alleged lack of timely notice pursuant to CPL 710.30 (2) and (3) is granted to the extent indicated herein.
In the absence of any opposition thereto, that branch of defendant’s motion which requests the preclusion, at trial, of any testimony regarding a postarrest statement allegedly made by him to Detective John King of the New York City Police Department following his arrest on or about September 13, 1992 is granted. On the papers presently before the court, the People have failed to demonstrate "good cause” for their conceded failure to serve statutory notice of this alleged statement within 15 days after defendant’s arraignment, as required by CPL 710.30 (2) (see, CPL 710.60 [2] [a]).
As regards the balance of defendant’s motion, however, it appears from the People’s corrected answering affirmation that the statement in question forms part of a taped conversation between the defendant and a United States Secret Service Agent, Scott Jones, which took place on or about October 22, 1991, and was acquired during the course of an ongoing fraud investigation being conducted by the United States Attorney’s office in Texas. According to the People, they learned of this conversation "for the first time” in March of 1993, and "[a]s soon as [they] learned of the existence of this tape, they requested a copy of it from the U.S. Secret Service”. Apparently, the tape was received by the People on or about March 23, 1993, whereupon notice of the statement and a copy of the tape was immediately forwarded to defendant’s attorney under date of March 24, 1993. Insofar as it appears, these facts are undisputed.
Under these circumstances, it is the opinion of this court that the People have demonstrated the statutorily required "good cause” for deviating from the 15-day notice requirement of CPL 710.30 (2), and that they have acted diligently and in good faith to provide the defendant with pretrial notice of this alleged statement as soon as it was reasonably practicable for them to do so. Moreover, in view of the marked degree of attenuation between the Secret Service Agent to whom this statement was allegedly made and the Richmond County District Attorney’s office, it is the further opinion of this court that this is precisely the type of situation contemplated by the Court of Appeals in People v O’Doherty (70 NY2d 479, 486), when it observed that "[t]here may be instances where, given the time, place and context of the defendant’s statement to a police officer and an attenuated connection between that *78 officer and the prosecutor [that] the untimely disclosure of the statement to the prosecutor would present the 'unusual circumstances’ to which the good cause requirement [of CPL 710.30 (2)] is addressed”.
Such a finding was recently made under less compelling circumstances by the Appellate Division, Third Judicial Department, in People v Riley-James (168 AD2d 740, lv denied 77 NY2d 966), and would appear to be equally warranted here, where the statement in question was made several months earlier to a Federal officer not under the authority or control of the local prosecutor, in the course of an apparently unknown, unrelated Federal investigation being conducted in a distant State, and it was not disclosed to the Richmond County authorities until well after the statutory 15-day period had expired (cf., People v Whitaker, 106 AD2d 594). Manifestly, this is no ordinary case of "law-office failure”, nor an instance of "failed internal communications” (see, People v Riley-James, supra; cf., People v O’Doherty, 70 NY2d 479, 486, supra). Moreover, it is not disputed on the papers presently before the court that the alleged statement was disclosed to the defendant in good faith shortly after its existence first became known to the prosecution, and that a Huntley hearing regarding the same has been consented to by the People. Accordingly, since pretrial hearings have yet to be conducted herein, it is evident that no prejudice to the defendant has resulted therefrom (cf., CPL 710.30 [3]; People v O’Doherty, supra, at 481, 486-487).
For all of the foregoing reasons, this final branch of defendant’s motion is granted to the extent of directing that the Huntley hearing heretofore directed to be held in advance of trial will be expanded to include the alleged statement to Secret Service Agent Scott Jones on or about October 22, 1991. In all other respects, this branch of defendant’s motion is denied.