(December 30, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. CHALK, Appellant. [606 NYS2d 386] —Mahoney, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (Keegan, J.), entered May 22, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted along with five others on four counts of murder in the second degree, two counts each of robbery in the first degree and burglary in the first degree, and criminal possession of a weapon in the second degree in connection with his alleged participation in a March 9, 1988 drug-related incident at 57 First Street in the City of Albany which left two men dead. Following a jury trial in which all six defendants were tried jointly, defendant was convicted of all but two of the second degree murder charges and was sentenced to an indeterminate term of 71⅔ years to life

imprisonment. Thereafter, defendant made an unsuccessful *pro se* motion to vacate his conviction. From the judgment of conviction and the order denying the motion to vacate, defendant now appeals.

Defendant's principal argument on appeal is that he was denied his constitutional right to confrontation (US Const 6th Amend), an argument based upon the fact that statements made by four nontestifying codefendants were received into evidence. We disagree. It is well established that the Confrontation Clause is not violated by admission of nontestifying codefendants' confessions when, as here, the confessions are redacted to eliminate any facial or inferential reference to defendant and are accompanied by proper limiting instructions to the jury that it cannot use the confession against any of the other codefendants (*see, Richardson v Marsh,* 481 US 200, 211; *People v Neal,* 181 AD2d 584, *lv denied* 79 NY2d 1052; *People v Smith,* 179 AD2d 597, *lv denied* 79 NY2d 1008; *People v Borgos,* 168 AD2d 628, *lv denied* 77 NY2d 958; *People v Johnson,* 162 AD2d 620, *lv denied* 77 NY2d 996; *People v Sutter,* 162 AD2d 644, *lv denied* 76 NY2d 897; *People v Kern,* 149 AD2d 187, *affd* 75 NY2d 638, *cert denied* 498 US 824). Nor do we perceive any abuse of discretion in County Court's decision to deny defendant's motion for a severance (*see, People v Pugh,* 194 AD2d 863; *People v Jean-Pierre,* 169 AD2d 932, *lv denied* 77 NY2d 962; *see generally, People v Mahboubian,* 74 NY2d 174).

Defendant's secondary argument, i.e., that police lacked probable cause to stop the vehicle in which defendant and the others were riding as they fled the crime scene, fares no better. This issue has been addressed in connection with the prior appeals of four of the codefendants and has been determined favorably to the People (*see, People v Pugh, supra; People v Bolus,* 185 AD2d 1007, *lv denied* 81 NY2d 785; *People v Jean-Pierre, supra; People v Riley-James,* 168 AD2d 740, *lv denied* 77 NY2d 966). Our review of the issue in the context of defendant presents no basis upon which to depart from our prior holdings.

We have examined the numerous other arguments raised both by counsel and by defendant in his *pro se* brief and find merit only to defendant's argument that County Court erred in imposing consecutive sentences on certain of the counts. The sentences imposed here are identical to those imposed against codefendant Alphonse Riley-James, whose appeal this Court has already considered (*People v Riley-James, supra*). For the same reasons as enunciated therein, defendant's weap-

ons sentence must run concurrently with the robbery and burglary sentences which must, in turn, run concurrently with the felony-murder sentences (supra, at 743). However, we reject defendant's additional contention that the two felony-murder sentences must run concurrently with one another. Rather, our reading of applicable precedent indicates that County Court had discretion to impose concurrent or consecutive sentences in this instance (see, People v Truesdell, 70 NY2d 809; People v Brathwaite, 63 NY2d 839, 843). It chose consecutive sentences and, based upon our review of the record, we perceive no abuse of discretion in its decision.

Mikoll, J. P., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for convictions of the crimes of robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree; said sentences for these crimes to run concurrently with the remaining sentences; and, as so modified, affirmed.