(January 20, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE R. SESSOMS, Appellant. [607 NYS2d 150] —Casey, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree, and (2) by permission, from an order of the Supreme Court (Keegan, J.), entered October 30, 1992 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was sentenced to an aggregate indeterminate

prison term of 82½ years to life as a second felony offender upon his conviction of the nine counts charged against him. With respect to defendant's claim that his consecutive sentences were invalid pursuant to Penal Law § 70.25 (2), the People concede and we find, based on *People v Riley-James* (168 AD2d 740, 743, *lv denied* 77 NY2d 966) and *People v Bolus* (185 AD2d 1007, 1009, *lv denied* 81 NY2d 785), that defendant's sentence should be modified to allow the sentence for criminal possession of a weapon in the second degree to run concurrently rather than consecutively with the sentences imposed for burglary in the first degree and robbery in the first degree. This modification reduces the aggregate term of incarceration to 75 years and is necessitated because the crime of criminal possession of a weapon in the second degree is a material element of both robbery in the first degree and burglary in the first degree *(see,* Penal Law § 160.15 [2]; § 140.30 [1]) and arose out of a single continuous transaction *(see, People v Bolus, supra,* at 1009). As modified, defendant's judgment of conviction should be affirmed inasmuch as defendant's other contentions lack merit.

We determined in the companion cases that probable cause existed for the stop of the vehicle that defendant was driving and, therefore, any subsequent statement made or evidence seized was properly admitted *(see, People v Bolus, supra,* at 1008-1009; *People v Riley-James, supra,* at 742). We also find no merit in defendant's argument that severance was required *(see, People v Jean-Pierre,* 169 AD2d 932, 934, *lv denied* 77 NY2d 962). The statements of the codefendants were appropriately redacted to omit reference to defendant by name and proper limiting instructions were given with respect to the codefendants' statements.

In the course of her testimony, the witness Laura Amos was allowed to testify, over defendant's objection, to defendant's attempt to shoot her. Defendant claims that this proof of an uncharged crime violated the rule of *People v Molineux* (168 NY 264). In our view, this testimony was part of the narrative of events to which this witness was testifying; the testimony was relevant to defendant's intent rather than to propensity and was inextricably interwoven with the crime charged and, therefore, relevant to defendant's state of mind *(see, People v Vails,* 43 NY2d 364, 368). In view of the overwhelming proof of defendant's guilt, defendant's right to a fair trial was not prejudiced by this testimony.

We have examined defendant's other claims of error, including the in-court identification made of him by the witness

Elizabeth Thompson, the introduction of photographs of the victims' bodies, the playing of video tapes of the crime scene to the jury, the People's reference to a second pair of gloves and the claim of ineffective assistance of counsel, and we find no error legally sufficient to require reversal of the convictions, which are supported by overwhelming proof of defendant's guilt.

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment and order are modified, on the law, by reversing so much thereof as directed defendant to serve a consecutive term of imprisonment for the conviction of the crime of criminal possession of a weapon in the second degree; said sentence is to run concurrently with the other sentences; and, as so modified, affirmed.