■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT RACKS, Appellant. [635 NYS2d 501] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Martin, J.), rendered February 7, 1994, as amended February 9, 1994, convicting him of robbery in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of $7^1/2$ to 15 years for his convictions of robbery in the second degree, a concurrent term of imprisonment of 3 to 6 years for his conviction of criminal possession of a weapon in the second degree, and a consecutive term of imprisonment of $2^1/2$ to 5 years for his conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment, as amended, is modified, on the law, to the extent that all of the sentences shall run concurrently with each other; as so modified, the judgment, as amended, is affirmed.

There is no merit to the defendant's contention that he was denied his right to be present at the proceeding at which he was found competent to stand trial. The defendant had no right to be present since there was no hearing and no significant factual inquiry *(see, People v Williams,* 85 NY2d 945, 947).

The defendant's contention that he was denied the effective assistance of counsel is also without merit. The record demonstrates that the defendant was afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We find, however, that the imposition of a consecutive sentence for the defendant's conviction of criminal possession of a weapon in the third degree was improper pursuant to Penal Law § 70.25 (2). The record reveals that both of the defendant's convictions of criminal possession of a weapon were part of a single, continuous act *(see, People v Sessoms,* 200 AD2d 850; *People v Bolus,* 185 AD2d 1007; *People v Riley-James,* 168 AD2d 740). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.