**Richard CHALK, Petitioner–Appellant,**

v.

**Robert L. KUHLMANN, Superintendent of Sullivan Correctional Facility, Respondent–Appellee.**

**Docket No. 00–2165.**

United States Court of Appeals, Second Circuit.

Argued: June 28, 2001.

Decided: Nov. 22, 2002.

Marsha R. Taubenhaus, New York, NY, for Appellant.

Daniel Smirlock, Deputy Solicitor General (Nancy A. Spiegel, Assistant Solicitor General, and Marlene O. Tuczinski, Assistant Solicitor General, on the brief) for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Appellee.

Before: MINER, LEVAL, and POOLER, Circuit Judges.

LEVAL, Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*). Richard Chalk petitioned the district court under 28 U.S.C. § 2254 to set aside his New York conviction for murder, robbery, burglary, and criminal possession of a weapon. He contends the conviction should be set aside by reason of various violations of his rights including a *Bruton* violation of the Confrontation Clause. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Petitioner had failed to preserve these claims in his application for leave to appeal the conviction to the New York Court of Appeals. When petitioner appealed from the denial of the writ, a panel of this Court granted a certificate of appealability ("COA"), *see* 28 U.S.C. § 2253(c)(2), on two questions: First, whether a criminal defendant has a constitutional right to effective assistance of counsel in an appeal to the New York Court of Appeals, and second, whether a district court should stay a petition (pending exhaustion) that raises ineffective assistance of appellate counsel as cause for procedural default of claims raised on habeas, where the ineffective assistance of counsel claim is itself unexhausted.

We hold that because the proceedings as to which counsel rendered assertedly ineffective assistance involved a discretionary appeal subsequent to the first appeal as of right, petitioner did not have a constitutional right to counsel, so that the question whether counsel's performance violated minimal constitutional standards is moot. We therefore reject petitioner's argument raised as cause for the procedural default of his petition, and affirm the district court's denial of his petition as forfeited.

## BACKGROUND

The evidence adduced at the trial of Chalk and five co-defendants showed the following: On March 9, 1988, two armed men broke into the third floor apartment at 57 First Street, Albany, New York, which was occupied by two drug dealers. The intruders instructed the drug dealers to lie face down on the floor. They took cash, clothing, and jewelry and then shot both men in the back of the head, killing them. At the same time two other men broke into the second floor apartment of the same building, where they tied up and robbed two other victims. These victims managed to escape and told a neighbor to call the police. Petitioner Chalk was not one of the four who actually performed the robberies. The evidence suggests that during the robberies he was driving the get-away car.

Shortly thereafter, a New York State Trooper, Nestor Rodriguez, saw a car on the New York State Thruway that matched a broadcast description of the car involved in the shooting. When Rodriguez stopped the car, three of the six occupants jumped out and fled. Rodriguez chased and apprehended the driver, who proved to be Chalk, the petitioner. While in pursuit, Rodriguez saw Chalk throw something to the ground; he subsequently recovered a magazine clip with four bullets, and found more ammunition in Chalk's clothing. After obtaining a search warrant, Rodriguez found guns and ammunition in the trunk of the car. All six occupants were apprehended and advised of their *Miranda* rights. Five, including Chalk, gave the police incriminating statements.

Chalk was interviewed by Detective James Tuffey and gave incriminating admissions, but refused to sign a written statement. He said the others had spoken to him about a need for "some tools" to

"take care of business Upstate," that had to "do with G's" (thousands of dollars). He admitted having bought guns and turned them over to another man to take by bus to Albany. He had then ridden with the others in the car to Albany, and drove it on leaving the Albany house. He was given $100 for gas and tolls.

*The Trial*

The trial judge denied Chalk's request for a severance from co-defendants who had confessed, and all six defendants were tried together. Detective Tuffey testified at trial as to Chalk's oral statements. The statements of the other co-defendants were admitted at trial, each in redacted form, and solely against the confessing defendant, without objection by Chalk's attorney. The court instructed the jurors as to each confession that it could be considered only as against the confessing defendant and not against other defendants. The jury found Chalk guilty on numerous counts, as stated above. He was sentenced to indeterminate consecutive terms aggregating 71 2/3 years to life.

*Appeal*

On direct appeal to the Appellate Division, Chalk's counsel argued that: (1) the trial court improperly received the redacted confessions of the co-defendants in violation of Chalk's rights under the Confrontation Clause; (2) police lacked probable cause for arrest; (3) the sentence was harsh and excessive; and (4) it was error to impose consecutive sentences. In a *pro se* brief, Chalk raised four additional issues, including ineffective assistance of the trial counsel.

The Appellate Division of the New York Supreme Court affirmed the conviction, but modified Chalk's sentences to run concurrently, reducing the overall sentence to 50 years to life. *People v. Chalk*, 199 A.D.2d 813, 606 N.Y.S.2d 386 (3d Dept. 1993). The court rejected Chalk's Confrontation Clause claim, as well as his other claims.

Chalk's attorney then applied under N.Y.Crim. Proc. Law § 460.20(3)(a) to a judge of the Appellate Division for leave to appeal to the Court of Appeals. The application specified several issues, but did not mention Chalk's claim based on the Sixth Amendment Confrontation Clause or the other claims Chalk later raised in the petition. The application was denied on March 21, 1994.

*The Habeas Petition*

On April 18, 1997, Chalk, acting on his own behalf without an attorney, filed the present petition for habeas corpus in the United States District Court. His petition argued four claims, none of which had been raised in his attorney's petition for leave to appeal to the Court of Appeals. To excuse the forfeiture, he argued that he had received ineffective assistance of appellate counsel by virtue of his attorney's failure to include the claims in the petition for leave to appeal to the Court of Appeals.

The district court denied the petition. The court found that Chalk's claims were procedurally defaulted and could not be raised on habeas because of petitioner's failure to include them in the petition for leave to appeal to the Court of Appeals. As for Chalk's argument that the default should be excused because it resulted from ineffective assistance of counsel, the district court rejected the claim on the ground that the leave application involved a discretionary appeal—not one to which Chalk was entitled under New York state law—and there is no constitutional right to the assistance of counsel for such discretionary appeals.

Chalk then applied to this Court for a certificate of appealability. As noted, a panel of this Court found that Chalk had made a "substantial showing of the denial

of a constitutional right," and thus granted a COA.

## DISCUSSION

■ Petitioner raises ineffective assistance of counsel as cause for his procedural default in his appeal to the New York State Court of Appeals. We agree with the district court's conclusion that the claim is without merit. Chalk's challenge to the effectiveness of his attorney's performance relates not to his first appeal as of right, but to a subsequent discretionary appeal. Under New York procedure, a person convicted of a felony in the New York State Supreme Court is entitled as of right to appeal to the Supreme Court, Appellate Division. N.Y.Crim. Proc. Law § 450.10. Chalk took that appeal, and the Appellate Division affirmed his conviction.

At that point, New York procedure permits the appellant to apply for leave to appeal to the New York Court of Appeals. The application may be made either to the Appellate Division, or to a judge of the Court of Appeals. *Id.* § 460.20(2)(a). The appellant has no right to have his appeal heard by the Court of Appeals. Whether the appeal will be heard in the Court of Appeals is a discretionary decision. *Id.* § 460.20(4).

The Supreme Court has established that there is no constitutional right to counsel for such discretionary appeals. *Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Court has stated that the right to counsel extends only to a first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Moreover, the Supreme Court held in *Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), that a writ of habeas corpus cannot be premised on a claim of ineffective assistance of counsel based on counsel's failure to file a timely application for leave for a discretionary appeal. "Since [petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Id.* And in *Coleman v. Thompson,* 501 U.S. 722, 756–57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court held that because petitioner does not have the right to counsel on a discretionary appeal, an error by counsel during such a discretionary appeal cannot be considered as cause that can excuse procedural default.

These Supreme Court decisions make clear that Chalk cannot excuse his default by his claim of ineffective assistance of appellate counsel. Because the proceeding involved a discretionary appeal subsequent to his first appeal as of right, Chalk had no constitutionally protected right to counsel. Thus even if his attorney's performance did not conform to minimum standards, this failure would not violate any constitutional right, and could not serve as the basis for overturning his conviction on application for habeas corpus under Section 2254.

Against this position, Chalk raises two arguments. First, he contends that, because New York court rules obligate the attorney handling the appeal to the Appellate Division to prepare and file the petition for leave to appeal to the Court of Appeals, *see* N.Y. Rules of Court § 500.10(a) ("Counsel assigned or retained at the Appellate Divisions or other intermediate appellate courts are required by rules of those courts to make the application if defendant requests."), the appellant has a guaranteed right to have this application made on his behalf. Chalk contends the leave application should therefore be considered an appeal as of right, as to which he had a constitutional right to counsel.

■ The argument fails. The fact that a state may, "as a matter of legislative choice," *Ross v. Moffitt,* 417 U.S. at 618, 94 S.Ct. 2437, provide a right to counsel for discretionary appeals subsequent to the first appeal as of right does not extend the Constitution's guarantee of counsel to such proceedings. *See Evitts,* 469 U.S. at 394, 105 S.Ct. 830.

Chalk argues also that because of the obligation on appellate counsel to file the leave application, that filing should be considered as the last step in his first appeal as of right—not the first step of the subsequent discretionary appeal. The argument is ingenious, but wrong. The leave application is not a part of the direct appeal to the Appellate Division. The application is not filed until the Appellate Division has finally rendered its decision. It seeks review of that decision, on a discretionary basis, by the Court of Appeals. *See* N.Y.Crim. Proc. Law § 460.20(2)(a). The mere fact that counsel in the prior proceeding is obligated to pursue the next level of discretionary review does not convert the application into a part of the first appeal as of right.

We conclude that, even if counsel's performance in failing to include Chalk's claims in his leave application fell below minimum standards of performance, this did not constitute a deprivation of the constitutional right to counsel because Chalk had no constitutional right to counsel for the filing of that application.

### CONCLUSION

The order of the district court dismissing the petition as forfeited is affirmed.