**Alphonse RILEY–JAMES,**
**Petitioner–Appellant,**

v.

**Leonard A. PORTUONDO, Warden at Shawangunk Correctional Facility,**
**Respondent–Appellee.**

**No. 01–2499.**

United States Court of Appeals, Second Circuit.

July 14, 2003.

Robert J. Boyle, New York, NY, for Appellant.

Nancy A. Spiegel, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Marlene O. Tuczinski, Assistant Solicitor General, on the brief), Albany, NY, for Appellee.

Present: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Alphonse Riley–James appeals from the denial of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on the basis that he was prejudiced by the government's suppression of exculpatory and impeaching evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In 1988, Riley–James was convicted, after a jury trial, of two counts of felony murder, two counts of robbery, two counts of burglary, and one count of criminal possession of a weapon. He was one of six men found guilty of murdering two men and of robbing them and four of their friends in an apartment in Albany. The state trial court sentenced him to 71 and 2/3 years to life, and on direct appeal, the Appellate Division ordered some of the sentences to run concurrently, effectively reducing the sentence to 50 years to life. *People v. Riley–James*, 168 A.D.2d 740, 563 N.Y.S.2d 894 (N.Y.App.Div.1990).

Riley–James then moved in Albany County Court to vacate his convictions pursuant to N.Y. CPL § 440.10, claiming, *inter alia*, that the government suppressed statements from two witnesses, Keith Horton and Lester Royal, tying Horton to a safe linked to the victims. The government had argued at trial that only four people entered the apartment, and Riley–James claims that these statements about the safe establish that Horton, and not Riley–James, was the fourth assailant to enter the house. Riley–James also argues that he could have used these statements to impeach two witnesses, Eric Smith (one of the robbery victims) and Detective William Kiernan, both of whom testified that Horton was not one of the assailants in the apartment. Additionally, Smith had testified that the six rings that were found in Riley–James's possession upon his arrest belonged to Smith. Riley James notes a discrepancy between Smith's testimony that Riley–James (the assailant dressed in beige) had taken nine rings, and the fact that Riley–James was arrested in posses-

sion of six rings. The Albany County Court denied Riley–James's § 440.10 motions to vacate his conviction in 1998 on the basis that Riley–James proffered no evidence that the prosecution had failed to disclose these statements. The court also ruled that even if the statements were withheld, Riley–James had not demonstrated that they were exculpatory or that he was prejudiced. In 2000, the Albany County Court denied Riley–James's second § 440.10 motion because it was substantially similar to the first, and a Justice of the Appellate Division denied Riley–James's application for leave to appeal the Albany County Court's ruling. In 2001, the district court denied his petition for habeas corpus pursuant to 28 U.S.C. § 2254, ruling that the statements were not material or prejudicial. The district court granted a certificate of appealability on the *Brady* claim.

We review the district court's denial of a petition for a writ of habeas corpus *de novo* and its factual findings for clear error. *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir.2002) (citation omitted). A writ of habeas corpus may be granted with respect to a state court decision that has "adjudicated [a petitioner's claims] on the merits" if, *inter alia*, the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

To establish a *Brady* violation, the petitioner must establish: 1) that the evidence in question must be favorable to the accused, either because it is exculpatory or impeaching; 2) that the evidence must have been suppressed by the government, either willfully or inadvertently; and 3) that prejudice ensued, *i.e.*, there was a reasonable probability that the outcome would have been different had the evidence not been suppressed. *Strickler v. Greene*, 527 U.S. 263, 280–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). The government's failure to disclose the evidence must be of "sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)); *see also Kyles v. Whitley*, 514 U.S. 419, 434–35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

First, Horton's and Royal's statements linking Horton to the safe do not establish that Horton was at the scene of the crime. The assailants may have been looking for the safe, but there is no evidence that the safe was actually at the house or that the assailants found the safe. The government argues in its brief that it is likely that the victims gave Horton the safe before the murders so that Horton could protect it. Even if burglars had found the safe at the apartment, the statements by Horton and Royal would only suggest that Horton may have been an accomplice, and not necessarily in the apartment, or even at the scene of the crime. The statements do not relate directly to Riley–James's involvement. Second, the discrepancy between Smith's possession of six or nine rings is too insignificant to constitute *Brady* material. Finally, the evidence in question would not have affected the outcome of the trial. The government presented Eric Smith's eye-witness identification of Riley–James as one of the assailants in the apartment, and Riley–James was captured in possession of Smith's rings after fleeing from a car along with the co-defendants. Additionally, Riley–James gave a written statement to the police admitting to his involvement with the burglary (though he did not admit to entering the apartment), and the statement was then entered into evidence in redacted form. We conclude

that the state court did not unreasonably apply *Brady* in finding that the suppressed evidence, if it was in fact suppressed, was not prejudicial.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**