06-0218-pr
Pena v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: November 29, 2007                                    Decided: June 12, 2008[1]

                                                             Amended: July 21, 2008)

Docket No.  06-0218-pr

_____

MANUEL PENA,

*Petitioner-Appellant*,

— v .—

UNITED STATES OF AMERICA,

*Respondent-Appellee.*[2]

_____

Before:        JACOBS, *Chief Judge*, B.D. PARKER and WESLEY, *Circuit Judges*.

_____

Appeal from an order of the United States District Court for the Southern District of New York (*Peck*, *C. Mag. J.*), holding that appellate counsel was not constitutionally ineffective for failing to inform client of his right to file for certiorari. *See* 28 U.S.C. § 2255.  AFFIRMED.

_____

Michael S. Pollok, New York, NY, *for Petitioner-Appellant*.

---

[1] This opinion was originally decided on June 12, 2008.  It is reissued today with our amended opinion in *Nnebe v. United States*, No. 05 Civ. 5713-pr, --- F.3d --- (2d Cir. 2008).  No substantive change has been made to this opinion.

[2] The Clerk of Court is directed to amend the official caption as set forth above.

Richard C. Daddario and Jonathan S. Kolodner, Assistant United States Attorneys *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, *for Respondent-Appellee*.

_____

PER CURIAM:

Manuel Pena appeals from a judgment of the United States District Court for the Southern District of New York (*Peck*, *C. Mag. J.*), denying his motion pursuant to 28 U.S.C. § 2255 to recall the mandate to permit him to file for certiorari. He alleges that his appellate counsel was constitutionally ineffective for failing to inform him of his right to do so.[3] We disagree and affirm.[4]

**BACKGROUND**

In 2001, Pena was convicted of conspiracy to distribute heroin and sentenced principally to life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Pena retained new counsel

---

[3] We granted a certificate of appealability limited to this issue. Pena seeks to expand the certificate to permit a remand for reconsideration of his sentence pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005) on the ground that he timely raised a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in the court below. Pena's conviction became final on November 11, 2003 (his deadline for filing a certiorari petition), which fell well before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 244 (2005). Because *Booker* does not apply retroactively to collateral challenges to judgments that were final on the day that case was decided, *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005), we decline Pena's request to expand the certificate.

[4] Today we issue a tandem opinion, *Nnebe v. United States*, No. 05 Civ. 5713-pr, --- F.3d --- (2d Cir. 2008), in which we hold that our rules implementing the Criminal Justice Act, 18 U.S.C. § 3600A, require appointed counsel to assist criminal defendants with the filing of appropriate certiorari petitions.

for his direct appeal. We affirmed the judgment of conviction. *United States v. Vergara*, 73 F. App'x 478 (2d Cir. 2003). Pena did not file a timely petition for certiorari and his conviction became final on November 11, 2003. *See* 28 U.S.C. § 2101(c); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Subsequently, Pena, proceeding *pro se*, petitioned under 28 U.S.C. § 2255 to vacate his conviction and sentence on a number of grounds, including that his retained appellate counsel was constitutionally ineffective for failing to notify him of his right to file for certiorari. Pena attested that he would have petitioned for certiorari if he had known that he could do so, and that his counsel's failure to inform him of the opportunity "denied his right to have a lawyer prepare and submit a petition for writ of certiorari to the United States Supreme Court." He requested the appointment of counsel to assist him in filing the petition, or alternatively, an order vacating and lowering his sentence.

The district court denied the petition. *Pena v. United States*, Nos. 04 Civ. 9700 (AJP), 00 Cr. 36 (RMB), 2005 WL 1176073 (S.D.N.Y. May 18, 2005). It rejected Pena's claim of ineffective assistance of counsel, reasoning that "[t]here is no federal constitutional right to counsel for a discretionary appeal, and accordingly there can be no ineffective assistance claim arising from such an appeal." *Id.* at *7. The district court also concluded that, since Pena has no constitutional right to have his appeal heard by the Supreme Court, he could not claim ineffective assistance if counsel did not inform him of the opportunity for certiorari review or pursue such relief. It determined that while "[t]he law in this Circuit is unclear as to whether the constitutional right to counsel on *direct* appeal encompasses a duty on the part of the attorney to

3

inform the client of his right to proceed pro se with a discretionary appeal," it was unnecessary to reach this issue "because Pena [cannot] demonstrate prejudice from his lost opportunity to file a certiorari petition." *Id*. at *8-9.[5]

**DISCUSSION**

We review the district court's decision *de novo* and its factual findings for clear error. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). It is well settled that the Fourteenth Amendment's Due Process Clause guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). But, "[o]f course, the right to effective assistance of counsel is dependent on the right to counsel itself." *Evitts*, 469 U.S. at 396 n.7. While the Supreme Court has interpreted the Constitution to provide criminal defendants the right to appointed counsel on first-tier appeals, including permissive ones, *Halbert*, 545 U.S. at 610, the Court has not found the right to exist with respect to certiorari review and other discretionary appeals. *Murray v. Giarratano*, 492 U.S. 1, 10 (1989) (post-conviction proceedings by death row inmates); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (collateral attacks); *Ross v. Moffitt*,

---

[5] Although an alternative ground for the magistrate judge's holding was not necessary, the court concluded that Pena was not prejudiced by counsel's failure to file because the chances of the petition succeeding were extremely remote. The magistrate judge estimated that, based on the grounds that Pena indicated he would have raised in a certiorari petition, there was a .18 percent chance the Supreme Court would have heard the case if the petition were filed *in forma pauperis*, and a 3.5 percent chance if it were filed by retained counsel. *Pena*, 2005 WL 1176073, at *9 (citing Robert L. Stern et al., Supreme Court Practice 221 (8th ed. 2002) (drawing upon statistics from the 1998 term of the Supreme Court)).

4

417 U.S. 600, 610, 617-18 (1974) (discretionary appeals to the Supreme Court and a state's highest court). It follows that because there is no basic right to the assistance of counsel in the pursuit of appeals beyond first-tier ones, there is no corresponding right to the effective assistance of counsel for such appeals. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 & n.4 (1982) (per curiam) (concluding that without a constitutional right to counsel in pursuit of state supreme court review, a state habeas petitioner "could not be deprived of the effective assistance of counsel by his . . . counsel's failure to file the application [for certiorari] timely"); *see also Coleman v. Thompson*, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas.").

The Supreme Court has explained the different treatment accorded to initial appellate review and subsequent review, such as is had in the Supreme Court, by pointing out that the harm done by a certiorari petition drafted without the aid of an effective lawyer is unlikely to resemble the prejudice that might ensue from an improperly pursued initial appeal. First-tier review, according to the Court, "entails an adjudication on the merits," and performs the role of "error-correction," while Supreme Court review is concerned with "whether the subject matter of the appeal has significant public interest, whether the cause involves legal principles of major significance to the jurisprudence of the [Supreme Court], [and] whether the decision below is in probable conflict with [its] precedent." *Halbert*, 545 U.S. at 611-12 (internal quotation marks

5

omitted).[6] Moreover, although a criminal defendant may benefit from the assistance of counsel in filing a certiorari petition, "[t]he fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required." *Ross*, 417 U.S. at 616.[7]

Pena urges this Court to hold that his right to the effective assistance of counsel on first-tier appeal encompasses a requirement that his attorney inform him of the possibility of certiorari review and assist him with filing a petition. We disagree. In *Chalk v. Kuhlmann*, 311 F.3d 525 (2d Cir. 2002), we considered whether an attorney's obligation to represent a defendant on direct appeal of a state conviction included a duty to assist with the filing of a petition to seek the next stage of appellate review in the New York Court of Appeals. We rejected the claim that the filing of such a petition should be considered "the last step in his first appeal as of right—not the first step of the subsequent discretionary appeal." *Id.* at 529. We held that such an argument was "ingenious, but *wrong*." *Id.* (emphasis supplied). The same is true here.[8]

---

[6] *See also Ross*, 417 U.S. at 616-17 ("[The Supreme Court's] review . . . is discretionary and depends on numerous factors other than the perceived correctness of the judgment we are asked to review.").

[7] Our own precedent supports this conclusion. We have previously observed that Supreme Court precedent "strongly suggest[s]" that there is no right to counsel beyond first-tier appeal and that, at a minimum, it is "in doubt" whether such right exists on a discretionary second-tier appeal. *Hernandez v. Greiner*, 414 F.3d 266, 270 (2d Cir. 2005). We have also reasoned that because a criminal defendant has no constitutional right to counsel after first-tier appeal, even if his attorney's performance in seeking leave to appeal from the state's highest court "did not conform to minimum standards, this failure would not violate any *constitutional* right." *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir. 2002) (emphasis supplied).

[8] We note that other Courts of Appeals have reached the same conclusion. *See Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989) ("The decision whether or not to petition for certiorari in the Supreme Court presupposes that a state defendant's opportunity for direct appeal, and thus the defendant's constitutional right to counsel, has come to an end."); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) ("The constitutionally secured right to [appellate] counsel ends when the decision by the appellate court is entered.").

Finally, Pena points out that counsel appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, are required by our rules implementing the statute to inform their clients of the possibility of certiorari review and, under certain circumstances, to assist with the preparation of petitions.[9] *See* Second Cir. Local R., Appendix Part A: Amended Plan to Implement the Criminal Justice Act of 1964, ¶ IX.C (December 12, 2007). According to Pena, the fact that retained counsel are not similarly obligated raises constitutional concerns.[10]

Since Pena's counsel was retained, not appointed, the CJA does not apply, and as we have stated, he had no constitutional right to the assistance of counsel in preparing a certiorari petition. Nevertheless, we believe that, as a matter of sound professional practice, retained counsel representing federal criminal defendants in this Court should, like their CJA counter-parts, inform their clients of the availability of, and the process for, pursuing certiorari review and assist them with filing appropriate certiorari petitions, if retained to do so. We have considered Pena's other arguments and find them to be without merit.

## CONCLUSION

The judgment of the district court is affirmed.

---

[9] We clarify in a separate opinion issued today, *Nnebe v. United States*, No. 05 Civ. 5713-pr, --- F.3d --- (2d Cir. 2008), that our CJA Plan requires counsel appointed pursuant to Section 3600A to assist criminal defendants with the filing of appropriate certiorari petitions.

[10] In *Wilkins v. United States*, 441 U.S. 468, 469 (1979), the Supreme Court held that appointed counsel violated the Third Circuit's CJA plan by failing to file a certiorari petition, contrary to his assurances to the client. The case was not resolved on constitutional grounds, but the Court granted certiorari, vacated the judgment of the Court of Appeals, and remanded the case with instructions to reenter judgment to permit the defendant to file for certiorari. The Supreme Court has subsequently required Courts of Appeals to revise their CJA plans to "allow for relieving a lawyer of the duty to file a petition for certiorari if the petition would present only frivolous claims." *Austin v. United States*, 513 U.S. 5, 8 (1994).