An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS MORALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66432

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on April 25, 2014, more than four years after issuance of the remittitur on direct appeal on August 10, 2010. *Morales v. State*, Docket No. 54180 (Order of Affirmance, July 15, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant, relying upon *Lemmond v. State*, 114 Nev. 219, 954 P.2d 1179 (1998), first appeared to claim that the time to file his petition had not begun to run because he was never served a copy of the order resolving his direct appeal. Appellant's reliance upon *Lemmond* was misplaced as that holding related to the filing of a notice of appeal and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-40436

statutory provisions relating to a notice of appeal. Appellant's petition was required to be filed within one year from either entry of the judgment of conviction or issuance of the remittitur from a timely direct appeal. *See* NRS 34.726(1).

Appellant next claimed that he had cause for the delay because his appellate counsel failed to provide him a copy of the order resolving his appeal and never informed him of the procedural rules for a post-conviction petition for a writ of habeas corpus. We conclude that the district court did not err in rejecting this good cause argument. Appellant was aware of the resolution of his direct appeal when on August 24, 2010, he received a letter from appellate counsel referencing the issuance of the remittitur in his direct appeal. Appellant failed to demonstrate that an impediment external to the defense prevented him from filing a timely petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Former appellate counsel did not have a constitutional duty to inform appellant about the availability of post-conviction remedies. *See id.* (recognizing that good cause must be a legal excuse); *see also Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002) (holding that equitable tolling was not warranted where a petitioner relied on incorrect advice of former counsel because petitioner had no right to the assistance of counsel regarding post-conviction relief); *Pena v. U.S.*, 534 F.3d 92, 95-96 (2d Cir. 2008) (holding that the right to the effective assistance of counsel in a first-tier appeal does not encompass a requirement that an attorney inform his client of the possibility of certiorari review or that the attorney assist the client in preparing such a petition); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (holding that the right to counsel ends when the decision by the appellate court is entered). Therefore, we conclude that

the district court did not err in determining the petition was procedurally barred and without good cause. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:    Hon. Michelle Leavitt, District Judge
Thomas Morales
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk