05-5713-pr
Nnebe v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2007

(Argued: November 29, 2007                    Decided: June 12, 2008[1]
                                              Amended: July 21, 2008)

Docket No.  05-5713-pr

____

MICHAEL NNEBE,

*Petitioner-Appellant,*

— v.—

UNITED STATES OF AMERICA,

*Respondent-Appellee.*[2]

_____

Before:        JACOBS, *Chief Judge*, B.D. PARKER and WESLEY, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (*Scheindlin*, *J.*), denying petition for habeas relief, which alleged that court-appointed counsel failed to timely petition for certiorari review.  *See* 28 U.S.C. § 2255.  We construe the appeal as a motion to recall the mandate, grant the motion, vacate the judgment of conviction, and remand to the district court.  *See Wilkins v. United States*, 441 U.S. 468 (1979).

VACATED and REMANDED.

_____

                GEORGIA J. HINDE, New York, NY, *for Petitioner-*
                *Appellant*.

_____

[1] This opinion was originally decided on June 12, 2008.  It is amended and reissued today with our opinion in *Pena v. United States*, No. 06 Civ. 0218-pr, --- F.3d --- (2d Cir. 2008).

[2] The Clerk of Court is directed to amend the official caption as set forth above.

RICHARD C. DADDARIO, Assistant United States Attorney, (Sarah Y. Lai and Jonathan S. Kolodner, Assistant United States Attorneys, *of counsel*), *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, *for Respondent-Appellee*.

_____

BARRINGTON D. PARKER, *Circuit Judge*:

Michael Nnebe appeals from a judgment of the United States District Court for the Southern District of New York (*Scheindlin, J.*), denying his motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, ostensibly to permit him to petition for certiorari review. This appeal presents the issue of what relief is available when, in violation of our rules implementing the Criminal Justice Act, 18 U.S.C. § 3006A, appellate counsel promises to file a certiorari petition, but fails to do so. We conclude that Nnebe is entitled to pursue certiorari review. Consequently, in accordance with the procedures prescribed in *Wilkins v. United States*, 441 U.S. 468 (1979), we construe the appeal as a motion to recall the mandate, grant the motion, vacate the judgment, and remand to the district court.

**BACKGROUND**

The facts are not in dispute. In May 2002, Nnebe was convicted of conspiracy to commit securities fraud, mail fraud, and wire fraud. *See* 15 U.S.C. §§ 77q (a), 77x; 18 U.S.C. §§ 2, 371. The district court sentenced him principally to 109 months' imprisonment. Nnebe timely appealed and was represented by appointed counsel. We affirmed his conviction and sentence on December 17, 2003. *United States v. Walker*, 353 F.3d 130 (2d Cir. 2003).

On December 24, 2003, Nnebe's attorney wrote to inform him that his conviction had been affirmed. He advised, "[w]e must now seek a writ of certiorari in the Supreme Court of the United States," and asked Nnebe to complete an enclosed motion for leave to proceed *in forma pauperis*. Nnebe contends, and it is not disputed for purposes of this appeal, that the letter included a draft certiorari petition prepared and signed by counsel. Nnebe responded in a letter dated January 5, 2004. He requested a copy of the decision, stated that he was "optimistic" about the certiorari petition, and indicated that a completed *in forma pauperis* motion and supporting affidavit were enclosed. Precisely what next occurred is unclear, but for purposes of this appeal, the parties do not dispute that counsel did not respond and did not file the petition.

A short time later, in February 2004, Nnebe, proceeding *pro se*, sought relief under 28 U.S.C. § 2255 on a variety of grounds and attached the draft certiorari petition. He asserted that he believed his petition was still pending before the Supreme Court and that his counsel had not informed him otherwise. He contended that if his counsel had failed to file the petition after promising to do so, the failure would "establish a constitutionally deficient and innefective [sic] assistance of counsel" and entitle him to "a belated appeal to the Supreme Court." Since no certiorari petition was filed, Nnebe's conviction became final on March 16, 2004, the date the petition was due. *See* 28 U.S.C. § 2101(c); *Clay v. United States*, 537 U.S. 522, 527 (2003).

The district court denied the Section 2255 motion. It concluded that "[b]ecause Nnebe had no constitutional right to counsel in connection with the filing of a certiorari petition, he could not be deprived of the effective assistance of counsel by his attorney's failure to file such a petition," and denied his request for permission to file the petition out of time. *Nnebe v. United States*, Nos. 04 Civ. 2416 (SAS), 01 Cr. 545 (SAS), 2005 WL 427534, at *9 n.2 (S.D.N.Y. Feb.

3

22, 2005) (referencing *Wainwright v. Torna*, 455 U.S. 586, 587 (1982), and *Ross v. Moffitt*, 417 U.S. 600 (1974)).

Nnebe appealed. We granted a certificate of appealability to consider whether Section 2255 relief is available for Nnebe's claim that his appellate counsel was ineffective for failing to file the certiorari petition. On appeal, Nnebe has abandoned his constitutional claim; he instead argues that he is entitled to the remedy fashioned in *Wilkins*, 441 U.S. at 469-70—a remand and a recall of the mandate—because his counsel violated the Criminal Justice Act, 18 U.S.C. § 3006A, and our rules implementing the statute, Second Cir. Local R., Appendix Part A: Amended Plan to Implement the Criminal Justice Act of 1964, (December 12, 2007) ("CJA Plan").[3] We review the district court's decision to deny Section 2255 relief *de novo* and its factual findings for clear error. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).

**DISCUSSION**

Defense counsel's conduct—as stipulated by the parties—violated this Court's CJA Plan, which requires that

> [i]n the event of a decision adverse to the CJA client in this Court, the CJA attorney shall promptly transmit to the CJA client a copy of the Court's decision, advise the CJA client in writing of the right to file a petition for writ of certiorari with the United States Supreme Court, inform the CJA client of the CJA attorney's opinion as to the merit and likelihood of success in obtaining such a writ, and if requested to do so, petition the Supreme Court for certiorari.

---

[3] In *Pena v. United States*, No. 06-0218-pr, --- F.3d --- (2d. Cir. 2008) (per curiam), an appeal heard in tandem with this appeal, we hold that a criminal defendant has no constitutional right to the effective assistance of counsel in connection with filing a certiorari petition.

4

CJA Plan ¶ IX.C. Within ten days of an adverse decision by this Court, a CJA attorney "may" move to be relieved of the obligation to assist with the filing of a certiorari petition if he "has reasonable grounds to believe that the petition . . . would have no likelihood of success." *Id.* If such a motion is made and granted, the attorney "shall" serve the defendant with the motion and written notification of this Court's decision within 48 hours, and the attorney must explain how to file a *pro se* certiorari petition. *Id.* If the Government petitions for certiorari review, the CJA attorney "shall take all necessary steps to oppose the petition." *Id.*

The government does not dispute Nnebe's contentions that he wished to petition for certiorari, or that his counsel knew this and forwarded to him, but never filed, a draft petition.[4] Nor does it dispute that these failures violated our rules implementing the CJA. The parties disagree, however, on the appropriate remedy. Nnebe contends he is entitled to petition for certiorari review. He urges this Court to recall the mandate, vacate his sentence, and reinstate his direct appeal. This remedy is, of course, an unusual one that is used sparingly and only in extraordinary circumstances. *Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003); *McHale v. United States*, 175 F.3d 115, 120 (2d Cir. 1999).

The government contends that this remedy is inappropriate. It notes that although Nnebe purportedly abandoned his constitutional claim on this appeal, he nonetheless seeks Section 2255 relief based on his lost opportunity to petition for certiorari as a result of his counsel's failure to file the petition. According to the government, the fact that Nnebe's claim is raised on a petition pursuant to Section 2255 is significant. It points out that to prevent every non-harmless error

---

[4] Nnebe's counsel on direct appeal, who is not a party to this appeal, disputes the reasons for non-filing.

from becoming grounds for collateral attack, the Supreme Court has long held that in cases not involving a constitutional violation or lack of jurisdiction, such as this one, Section 2255 relief is available only when the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice" and presents "exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962); *accord Davis v. United States*, 417 U.S. 333, 346-47 (1974). According to the government, in view of these principles, Nnebe is required to show prejudice, but cannot, because his petition would almost certainly have been denied.

Nnebe bases his contentions on *Wilkins v. United States*, 441 U.S. 468, where the Supreme Court considered an untimely *pro se* certiorari petition filed by a federal defendant whose CJA attorney failed to file a certiorari petition after promising to do so. *Id.* at 468. The Supreme Court observed that the Solicitor General interpreted Section 3006A to provide a federal defendant whose conviction and sentence were affirmed with "a lawyer's help in seeking certiorari," and that "the Courts of Appeals for all of the Circuits provide in their rules or in plans adopted pursuant to the Criminal Justice Act that a court-appointed lawyer must, if his client wishes to seek review in [the Supreme Court], represent him in filing a petition for certiorari."[5]

[5] The relevant provision of the Third Circuit's CJA Plan that was considered in *Wilkins* required that "[i]f, after an adverse decision by the Court of Appeals, a review by the Supreme Court of the United States is to be sought, the appointed attorney shall prepare a petition for certiorari and other necessary and appropriate documents in connection therewith." *Wilkins*, 441 U.S. at 469 n.* (quoting A Plan for the United States Court of Appeals for the Third Judicial Circuit Pursuant to the Criminal Justice Act of 1964, § III-6 (effective Sept. 1, 1971)) (internal quotation marks omitted).

*Wilkins* was later modified by *Austin v. United States*, 513 U.S. 5 (1994), which required Courts of Appeals to revise their CJA plans to "allow for relieving a lawyer of the duty to file a petition for certiorari if the petition would present only frivolous claims." *Id*. at 8. In contrast to

*Id.* at 469. The Supreme Court directly afforded Wilkins relief by granting his petition, vacating the judgment, and remanding the case to the Court of Appeals to permit the timely filing of a certiorari petition. *Id.* at 470. It noted, however, that if Wilkins had first "presented his dilemma to the Court of Appeals by way of a motion for the appointment of counsel to assist him in seeking review [before the Supreme Court], the court then could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari." *Id.* at 469.

As suggested by *Wilkins*, we construe Nnebe's appeal as a motion to recall the mandate and vacate our judgment so that a new one can be entered in order to afford him an opportunity to petition for certiorari. *Id.; see also Schreiner v. United States*, 404 U.S. 67, 67 (1971) (providing that the remedy for CJA counsel's failure to file a timely certiorari petition upon his client's request is to re-enter the appellate judgment and appoint new counsel to file a timely petition). Other Courts of Appeals have employed this remedy. *See, e.g.*, *United States v. Howell*, 37 F.3d 1207, 1210 (7th Cir. 1994) (recalling mandate and appointing new counsel for defendants to determine whether to seek rehearing or to immediately pursue certiorari review due to counsel's failure to pursue such relief or withdraw pursuant to applicable rules and CJA plan); *United States v. James*, 990 F.2d 804, 805 (5th Cir. 1993) (vacating and reinstating judgment where appointed counsel violated CJA plan by failing to file certiorari petition despite client's request or to properly seek relief from this obligation).

---

the Fourth Circuit's CJA plan considered in *Austin*, our CJA Plan sets forth procedures for counsel to follow in the event that there are "reasonable grounds to believe that the [certiorari petition] . . . would have no likelihood of success." CJA Plan ¶ IX.C.

Significantly, Nnebe's application is "construed" by us as one to recall the mandate. Given this construction, it would be illogical to conclude that the application should continue to be treated as though it were a Section 2255 motion. The Supreme Court in *Wilkins* clearly signaled that the Courts of Appeals should make appropriate relief available so that defendants are not disadvantaged by the failures in representation by CJA counsel. This remedial purpose would be frustrated if the myriad procedural considerations that properly apply to Section 2255 motions, including that of demonstrating prejudice, are imported wholesale into "construed" applications. Consequently, Nnebe is not required to demonstrate prejudice by establishing that his certiorari petition would have been successful. Doing so would both be inconsistent with our responsibilities to effectuate the CJA and to implement properly our CJA Plan, and would unduly interfere with our obligation to supervise court-appointed counsel.

Finally, in affording a remedy pursuant to *Wilkins*, we do not retreat from our view that recalling a mandate is an unusual remedy intended for extraordinary circumstances. Nnebe proceeded with diligence. He sought relief less than two months after he last heard from his attorney. He also proffered compelling documentary evidence, including correspondence and a draft certiorari petition signed by his CJA attorney. These documents demonstrate that he requested his lawyer to file a certiorari petition and that his lawyer agreed to do so, but did not. Had Nnebe waited an unreasonable length of time to seek relief or presented less compelling evidence, we doubt his circumstances would have been extraordinary or that he would have been entitled to the relief we afford him.

8

## CONCLUSION

For the foregoing reasons, we construe this appeal as a motion to recall the mandate pursuant to *Wilkins*, 441 U.S. 468.  We grant the motion as construed, recall our mandate, and vacate our previous judgment.  As a result of our vacatur, Nnebe's conviction did not become "final" before the decision in *United States v. Booker*, 543 U.S. 220 (2005).  He is therefore entitled to reconsideration of his sentence pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  We remand to the district court for a *Crosby* hearing.