**UNITED STATES of America,**
**Appellee,**

v.

**Giovanni RIGGI, Michael Silvestri, Girolamo Palermo, also known as Jimmy Palermo, Defendants,**

**Anthony Mannarino, also known as Anthony Marshmallow, Giuseppe Schifilliti, also known as Pino Schifilliti, Philip Abramo, Louis Consalvo, also known as johndoe8, also known as Louie Eggs, also known as Frank Scarabino, Stefano Vitabile, also known as Steve Vitabile, Defendants–Appellants.**

No. 06–1280–cr.

United States Court of Appeals, Second Circuit.

Jan. 28, 2009.

Michael G. McGovern Esq., U.S. Attorney's Office, Southern District of New York, New York, NY, for Appellee.

Inga L. Parsons Esq., Law Office of Inga L. Parsons, Marblehead, MA, Marc Fernich Esq., Law Office of Marc Fernich, Esq., New York, NY, Roland G. Riopelle Esq., Sercarz & Riopelle, New York, NY, Sanford Talkin Esq., New York, NY, Vivian Shevitz Esq., Law Office of Vivian Shevitz, Esq., South Salem, NY, for Defendants–Appellants.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Anthony Mannarino has made a motion asking this Court "to rule on the outstanding [*Anders*] pleading currently pending before this Court." We write to clarify the current posture of this case and to explain why Mannarino is not entitled to relief. Mannarino's motion—which we construe as a motion to recall the mandate—is denied.

Mannarino pleaded guilty to one count of conspiring to obstruct justice in violation of 18 U.S.C. § 371. The United States District Court for the Southern District of New York (Mukasey, C.J.) sentenced Mannarino principally to 57 months' imprisonment, the minimum sentence available under the "Stipulated Sentencing Guidelines Range" of 57–60 months set forth in Mannarino's plea agreement. On November 12, 2004, Mannarino appealed from the judgment.

On March 6, 2007, Mannarino's attorney filed a motion to be relieved as counsel and a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), explaining why no nonfrivolous basis existed for challenging the validity of Mannarino's conviction and sentence.

On April 17, 2007, Mannarino *pro se* urged that the *Anders* Brief be denied and that he be granted a sixty day extension to file a supplemental response. This Court granted Mannarino's initial request for an extension—and several additional extensions thereafter. Nonetheless, Mannarino failed to file his supplemental response to the *Anders* Brief until July 1, 2008, nearly a month after this court summarily affirmed his conviction and sentence, and a day after the issuance of the mandate closing the appeal.

On July 3, 2008, the Clerk of the Court advised Mannarino that the mandate had

issued in his case and that he would need to submit a motion to recall the mandate. On August 4, 2008, Mannarino filed a motion to recall the mandate to which he attached a postal receipt indicating that he mailed his supplemental response to counsel's *Anders* Brief before the mandate issued.

On August 19, 2008, this Court accepted the filing of Mannarino's late brief but denied his motion to recall the mandate. Thereafter, Mannarino filed this motion for a ruling on his response to his attorney's *Anders* Brief. Since the mandate has issued, we construe the motion as a renewed motion to recall the mandate.

The power to recall a mandate "can be exercised only in extraordinary circumstances." *Calderon v. Thompson,* 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); *see also Nnebe v. United States,* 534 F.3d 87, 91 (2d Cir.2008) (same). In this case, no "extraordinary circumstances" favor recall of the mandate.

Mannarino argues that the mandate was issued in error because he had mailed his supplemental brief three days before the mandate issued. However, even if Mannarino mailed his supplemental response prior to issuance of the mandate, that would not excuse the delay of more than a year between the filing of the *Anders* Brief and Mannarino's supplemental response, and the delay of nearly a month between this Court's denial of Mannarino's appeal and his filing of the brief.

At the time we summarily affirmed, we had the benefit of Mannarino's initial response to the *Anders* Brief, as well as the *Anders* Brief itself and the government's motion for summary affirmance. Mannarino has failed to identify any extraordinary circumstances warranting vacation of his plea or the sentence to which he explicitly consented in his plea agreement.

We have considered Mannarino's remaining arguments and find them to be without merit. For the foregoing reasons, Mannarino's motion, which we construe as a motion to recall the mandate, is **DENIED**.