**Danilo PAREDES–SILVA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 09 Civ. 1963 (VM).**

United States District Court, S.D. New York.

July 9, 2009.

Danilo Paredes–Silva, White Deer, PA, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Danilo Paredes–Silva ("Paredes–Silva")[1] brought this petition pursuant to 28 U.S.C. § 2255 (" § 2255") to vacate, set aside, or correct the sentence imposed by this Court. Paredes–Silva pled guilty to one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. The Court imposed a 120–month prison sentence, denying Paredes–Silva's request for a reduction in his sentence for playing a minor role in the offenses. Paredes–Silva appealed the sentence and the Second Circuit affirmed. *See United States v. Feliz–Ramirez*, 223 Fed.Appx. 33 (2d Cir.2007).

In the instant motion, Paredes–Silva claims ineffective assistance of counsel on the grounds that his attorney did not notify him of his right to petition the Supreme Court for certiorari. Paredes–Silva also requests that the Court recall and reissue the Second Circuit's mandate, thereby giving him another opportunity to petition for

---

**1.** Paredes–Silva's first name should be spelled "Danilo," and not "Danillo," which is how it appears on the docket sheet. The Court will direct the Clerk of the Court to amend the caption of the case accordingly.

certiorari. For the reasons stated below, Paredes–Silva's petition is DENIED.

## I. BACKGROUND [2]

Along with fourteen co-defendants, Paredes–Silva was indicted in connection with crimes arising out of the importation of approximately 120 kilograms of cocaine from Mexico to New York. The indictment stemmed from the events of June 14, 2003, when Paredes–Silva drove his pickup truck to midtown Manhattan and loaded it with eight suitcases containing cocaine bricks. He was arrested by Drug Enforcement Agency ("DEA") agents shortly afterwards.

On May 13, 2005, Paredes–Silva pled guilty to conspiracy to import cocaine and conspiracy to distribute cocaine. His Pre-Sentence Investigation Report ("PSR") recommended a sentencing range of 135–168 months. Paredes–Silva did not object to the factual findings of the PSR, but he did argue that he should receive a reduction in his sentence for playing a minor role in the crimes. In imposing a 120–month sentence, the Court denied Paredes–Silva's request for a minor-role reduction. The Second Circuit affirmed that denial on April 17, 2007. *See Feliz–Ramirez,* 223 Fed.Appx. at 35.

Paredes–Silva had until July 16, 2007 to petition the Supreme Court for a writ of certiorari. *See* Sup.Ct. R. 13 (parties have ninety days after the issuance of final judgment to petition for certiorari). A

petition on behalf of Paredes–Silva was never filed. The record is unclear as to whether Paredes–Silva knew of the result of his appeal when the July 16, 2007 deadline passed. Paredes–Silva had learned of the result by November 20, 2007. On that day, he wrote a letter to the Second Circuit, noting that the court's clerk had sent him a copy of the docket sheet that indicated he had lost the appeal. He indicated that he still had not seen a copy of the appellate decision and requested a copy from the Second Circuit. His attorney appointed pursuant to the Criminal Justice Act ("CJA"), David Wikstrom ("Wikstrom"), may not have notified Paredes–Silva about the Circuit Court's decision in a timely fashion. In response to a letter from Paredes–Silva, Wikstrom indicated in a letter dated February 26, 2008 that he had informed Paredes–Silva's sister about the result of the appeal the previous year, but Wikstrom made no mention of ever having notified Paredes–Silva directly about the result.

In the November 2007 letter, Paredes–Silva asked the Second Circuit what action he should take to continue his appeal. Apparently receiving no response, he then drafted a "Motion to Recall and Reissue Mandate." The motion requested that the Second Circuit recall the mandate that had issued after the Second Circuit had affirmed Paredes–Silva's sentence and then reissue that mandate, thereby giving Paredes–Silva a fresh ninety-day period to petition for certiorari. Although Paredes–

---

**2.** The factual and procedural summary below is derived primarily from the following documents: Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, dated December 27, 2008; Petitioner's Memorandum of Law in Support of § 2255 Motion; Petitioner's Letter to the Second Circuit, dated November 20, 2007 ("November 2007 Letter"); Attorney David Wikstrom's Letter to Paredes–Silva, dated February 26, 2008; Petitioner's Motion

to Recall and Reissue Mandate, dated March 29, 2008; Petitioner's Letter to the Clerk of the Second Circuit, dated June 21, 2008; Petitioner's Motion to Renew Motion to Recall Mandate, dated October 11, 2008; Respondent's Memorandum of Law in Opposition to the § 2255 Petition; Petitioner's Reply Memorandum of Law. Except where specifically referenced, no further citation to these sources will be made.

Silva obtained proof of service that he mailed a copy of the motion to the Second Circuit on March 29, 2008, there is no indication on the docket that the Second Circuit considered the motion or that the motion is currently pending before that court.

In a letter to the Second Circuit dated June 21, 2008, Paredes–Silva inquired whether the Second Circuit had received his motion and asked for information about the status of his filing. Paredes–Silva then drafted a second motion asking the Second Circuit to recall its mandate. He also obtained proof of service that he mailed a copy of that motion on October 11, 2008, but once again there is no indication on the docket that the second motion was considered by the Second Circuit or that it is currently pending before that court.

On December 27, 2008, Paredes–Silva filed the present petition under § 2255 to vacate, set aside, or correct his sentence on the grounds that his counsel was ineffective in failing to assist him in filing a petition for certiorari. Paredes–Silva argues that Wikstrom violated the Second Circuit Rules implementing the CJA, which state in part:

> In the event of a decision adverse to the CJA client in this Court, the CJA attorney shall promptly transmit to the CJA client a copy of the Court's decision, advise the CJA client in writing of the right to file a petition for writ of certiorari with the United States Supreme Court, inform the CJA client of the CJA attorney's opinion as to the merit and likelihood of success in obtaining such a writ, and if requested to do so, petition the Supreme Court for certiorari.

Second Cir. Local R., Appendix Part A. Paredes–Silva also requests that this Court interpret the § 2255 petition as a motion to recall and reissue the Second Circuit's mandate so that he may file a timely petition for certiorari with the Supreme Court.

## II. DISCUSSION

### A. THE COURT'S JURISDICTION TO RECALL THE MANDATE

■ This Court cannot consider Paredes–Silva's request to recall the mandate issued by the Second Circuit. As Paredes–Silva acknowledges in his own reply, district courts do not have the jurisdiction to recall the mandate of an appellate court, as they must abide by the decisions of the higher courts and cannot overrule them. *See Hooper v. United States,* 112 F.3d 83, 86 (2d Cir.1997) (concluding that the district court lacked authority to allow § 2255 petitioner to re-open direct appeal after court of appeals had affirmed earlier ruling that initial notice of appeal was untimely), *overruled on other grounds by Hernandez v. United States,* 202 F.3d 486 (2d Cir.2000); *United States v. Stanley,* 54 F.3d 103, 107 (2d Cir.1995) ("mandate rule ... bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals") (internal quotation marks omitted). The Court will therefore disregard Paredes–Silva's request to treat his § 2255 petition as a motion to recall a mandate and will instead treat the petition for what it is: a § 2255 petition to vacate, set aside, or correct a sentence.

### B. TIMELINESS

■ Paredes–Silva did not file his § 2255 petition within the statute of limitations. The one-year statute of limitations period for a § 2255 petition begins to run at the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The judgment of conviction becomes final when the Supreme Court affirms the conviction or denies a petition for a writ of certiorari, or when the time to file such a petition has expired. *See Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Here, Paredes–Silva's judgment of conviction became final on July 16, 2007, when the ninety-day deadline for filing a petition for a writ of certiorari expired. Because Paredes–Silva did not file his § 2255 petition until December 27, 2008, he did not satisfy the one-year statute of limitations.

In a limited number of cases, however, a court can consider an untimely § 2255 petition. Because the one-year limitation is not a jurisdictional bar, a court may equitably toll the period in "rare and exceptional circumstances," as long as the petitioner has acted with "reasonable diligence." *Green v. United States,* 260 F.3d 78, 82 (2d Cir.2001). Serious errors or other prejudicial misconduct by a petitioner's attorney, for example, can qualify as an exceptional circumstance. *See, e.g., Baldayaque v. United States,* 338 F.3d 145, 152–53 (2d Cir.2003) (concluding that in a case where an attorney never spoke to his client but conveyed erroneous information through his client's wife, such conduct could qualify as an exceptional circumstance).

Paredes–Silva's case arguably merits equitable tolling. He acted with a certain level of diligence, writing to the Second Circuit to determine what action he should take after learning he lost his appeal, contacting his attorney for a copy of the appellate judgment, attempting to file two motions with the Second Circuit, and following up with the Second Circuit's clerk's office when he did not receive expected correspondence. Although it is not clear whether the one-year statute of limitations would have been tolled had Paredes–Silva properly filed his motion to recall the mandate with the Second Circuit, it is conceivable that Paredes–Silva believed that it would be tolled, given that such tolling does occur when habeas petitioners challenge their state convictions under collateral proceedings in state court. *See* 28 U.S.C. § 2244(d)(2).

Given that Paredes–Silva is a pro se petitioner, and that there is some indication that equitable tolling may be warranted, the Court will assume without deciding that Paredes–Silva's petition deserves equitable tolling. However, the Court notes that, as discussed below, the petition cannot succeed on the merits.

### C. *RELIEF UNDER § 2255*

Assuming that Paredes–Silva's petition is timely, the petition still fails. "[C]ollateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.' " *Graziano v. United States,* 83 F.3d 587, 589–90 (2d Cir.1996) (per curiam) (*quoting United States v. Bokun,* 73 F.3d 8, 12 (2d

Cir.1995)). Here, there is no constitutional error; the Second Circuit has recently held that because there is no constitutional right to counsel for petitions for certiorari, there can be no constitutional error for failing to assist a client in filing such a petition. *See Pena v. United States,* 534 F.3d 92, 95–96 (2d Cir.2008). There is no claimed lack of jurisdiction on the part of the sentencing court. Finally, a denial of a minor-role reduction for a defendant who pled guilty to a drug conspiracy of the magnitude of that involved in this case—a determination that was affirmed on appeal and is highly unlikely to be heard by, let alone be overturned by, the Supreme Court—can hardly be described as a "complete miscarriage of justice."

█ Nevertheless, the Court notes that the importance of having counsel assist CJA clients with petitions for certiorari has been long recognized, and several courts have ruled for petitioners on a non-constitutional basis. *See, e.g., Wilkins v. United States,* 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979); *Nnebe v. United States,* 534 F.3d 87 (2d Cir.2008); *United States v. James,* 990 F.2d 804 (5th Cir. 1993). In *Nnebe,* for example, the defendant's CJA attorney neglected to file a petition for a writ of certiorari after telling his client that he planned to file the petition. *See* 534 F.3d at 88. The defendant petitioned for relief under § 2255, but the district court found that it could not grant relief because the petitioner did not allege a constitutional violation. *Id.* However, the Second Circuit granted relief by construing the petition to vacate the sentence as a motion to recall the mandate affirming the conviction and sentence, and granting the motion, thereby giving the petitioner another opportunity to petition

the Supreme Court for a writ of certiorari. *Id.* at 92. The Second Circuit found that the requirement that the petitioner demonstrate prejudice, a requirement that is part of an ineffective assistance of counsel claim, was inappropriate, as it "would both be inconsistent with our responsibilities to effectuate the CJA and to implement properly our CJA Plan, and would unduly interfere with our obligation to supervise court-appointed counsel." *Id.* at 91.

*Nnebe* still retained a high barrier to relief, though, emphasizing that the court may not have granted the motion had the petitioner not presented "compelling evidence" of his own diligence. *Id.* at 91–92. Although the Government argues in its brief that Paredes–Silva did not display the requisite level of diligence required under *Nnebe,* there is some evidence to suggest that Paredes–Silva did act in a diligent manner, as noted above. In *Nnebe,* the parties stipulated that the petitioner's attorney violated the CJA Plan; here, it appears that Paredes–Silva's attorney did not follow the CJA Plan's requirement to assist his client in filing for certiorari. Given that a case can be made that Paredes–Silva meets the standard for a motion before the Court of Appeals to recall a mandate as elucidated in *Nnebe,* this Court concludes that it is appropriate to issue a certificate of appealability upon denial of the § 2255 petition, so that the Court of Appeals may determine whether to provide a remedy for the alleged failure of Paredes–Silva's attorney to comply with the CJA Plan. See *Wilkins,* 441 U.S. 468, 99 S.Ct. 1829; *Nnebe,* 534 F.3d 87.[3]

### III. *ORDER*

For the reasons stated above it is hereby

3. The Court notes that the district court in *Nnebe* declined to grant a certificate of appealability on the grounds that the petitioner had not made a "substantial showing of the

denial of a constitutional right." *Nnebe v. United States,* No. 04 Civ. 2416, 2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005) (*quoting* 28 U.S.C. § 2253(c)(2)). However, the

**ORDERED** that the petition of Danilo Paredes–Silva ("Paredes–Silva") to vacate, set aside, or correct the sentence imposed pursuant to the judgment of conviction rendered upon Paredes–Silva's guilty plea in this case is DENIED.

A certificate of appealability will issue because Paredes–Silva has presented evidence that he may meet the standard for a motion before the Court of Appeals to recall a mandate. *See Nnebe v. United States,* 534 F.3d 87, 89 (2d Cir.2008) (granting a certificate of appealability to determine whether relief was warranted where counsel failed to assist in filing for certiorari, and construing the petition as a motion to recall the mandate).

The Clerk of the Court is directed to amend the caption of this case as set forth in the caption above, withdraw any pending motions, and close this case.

**SO ORDERED.**

Second Circuit issued a certificate of appealability "to consider whether Section 2255 relief is available for Nnebe's claim that his appellate counsel was ineffective for failing to file the certiorari petition," and then construed the petition as a motion to recall the mandate. *Nnebe,* 534 F.3d at 89, 91.