10-1046-cr
USA v. Durham

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand and eleven.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

     *Appellee,*

     -v.-                                                    No. 10-1046-cr

SPENCER DURHAM,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    SALLY WASSERMAN, New York, NY.

**FOR APPELLEE:**    TINA E. SCIOCCHETTI, Assistant United States Attorney (Richard S. Hartunian, United States Attorney, *on the brief*), United States Attorney's Office for the Northern District of New York, Albany, NY.

Appeal from a March 9, 2010 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED** and the cause **REMANDED** for the limited purpose of allowing the District Court to perform the ministerial task of including a statement of reasons in the written judgment, pursuant to 18 U.S.C. § 3553(c)(2).

On November 13, 2008, defendant-appellant Spencer Durham ("defendant" or "Durham") pleaded guilty to one count of obstruction of mail, in violation of 18 U.S.C. § 1702, before the United States District Court for the District of Vermont. On December 23, 2008, he was sentenced principally to a period of time served and three years of supervised release.

At the time of his sentencing by Chief Judge Sessions in Vermont, defendant was serving a term of imprisonment for a violation of supervised release in the Northern District of New York. When that term of imprisonment was completed on January 13, 2009, defendant began the term of supervised release for his conviction of obstruction of mail. On May 21, 2009, jurisdiction over his term of supervised release was transferred from the District of Vermont to the Northern District of New York.

On November 24, 2009, the Probation Office for the Northern District of New York filed an amended petition seeking a warrant for the revocation of defendant's supervised release based on various violations of the conditions of his release, including new criminal conduct, leaving the district without permission, failing to report to his probation officer, failing to report contact with law enforcement, and failing to make restitution payments. On January 28, 2010, the parties appeared for a final revocation hearing before Judge Sharpe, which was ultimately adjourned in response to defendant's request to obtain new counsel. On February 23, 2010, the revocation hearing continued, with defendant stating that he wished to proceed with the same counsel because he could not afford new counsel.

At the February 23 hearing, defendant admitted to all of the violations in the amended petition for revocation, except the alleged violations for new criminal conduct. The District Court sentenced him principally to a term of 24 months' imprisonment, with no subsequent term of supervised release. This appeal followed. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On appeal, defendant raises a claim of ineffective assistance of counsel in which he argues, among other things, that his court-appointed defense counsel[1] in the revocation proceedings before Judge Sharpe had a conflict of interest which caused him to fail to advocate appropriately on defendant's behalf at the revocation hearings. Specifically, defendant argues that his counsel assumed "an improper pecuniary interest in a civil lawsuit to be brought on [defendant's] behalf," and that when defendant subsequently declined to proceed with the civil lawsuit according to the terms favored by counsel, the latter retaliated against him "in anger" by declining to provide effective assistance at the hearings.

---

[1] Durham's counsel was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(1)(E).

As a threshold matter, we note that Durham's right to counsel at his revocation hearings was statutory, not constitutional. *See* 18 U.S.C. § 3006A(a)(1)(E) (providing for appointment of counsel where a financially eligible defendant "is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release"); *United States v. Pelensky*, 129 F.3d 63, 68 n.8 (2d Cir. 1997) ("Among the fundamental constitutional protections that do not apply in the context of supervised release revocation proceedings [is] . . . the right to counsel."). Accordingly, the scope of Durham's right to effective assistance of counsel is arguably an open question in our Circuit. *Cf. Smith v. Robbins,* 528 U.S. 259, 284-88 (2000) (applying the standard for ineffective assistance of counsel enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), to a criminal defendant's appellate counsel, even though the right to a criminal appeal is a statutory right); *Nnebe v. United States*, 534 F.3d 87, 89-92 (2d Cir. 2008) (holding that counsel appointed pursuant to 18 U.S.C. § 3006A is required, at the least, to assist a criminal defendant with the filing of a petition for certiorari, unless counsel reasonably believes the petition has no likelihood of success).

Even if we assume *arguendo* that Durham has a right to effective assistance, however, we do not have an adequate record before us upon which to render a decision. Accordingly, we decline to reach the merits of Durham's claim at this time. *See United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance because the district court is best suited to developing the facts necessary to determining the adequacy of representation . . . .") (internal quotation marks omitted).

The only facts in the record regarding the potential conflict of interest of Durham's counsel are a copy of Durham's retainer agreement with the law firm of Greenberg & Greenberg, *see* Gov't Appx. at 47-48, and the following less-than-pellucid remarks by Durham at the revocation hearing on January 28, 2010:

> Everything was goin' fine until I was involved in a motorcycle accident and there's a civil lawsuit and [counsel] referred an attorney, Greenberg & Greenberg, and stated on retainer agreement that he was to get a third of what I got, and I ended up gettin' a different attorney from Greenberg & Greenberg and ever since that happened, there's been like no contact at all.

Appx. at 45. We do not have a record of the circumstances surrounding appointed counsel's participation in the retainer agreement with the Greenberg firm, nor do we have information about Durham's decision (and appointed counsel's response to that decision) not to pursue his civil claims through that firm. Accordingly, we decline to reach the merits of the claim of ineffective assistance of counsel, without prejudice to defendant's ability to raise the issue in a collateral proceeding. *See, e.g., United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009).

(ii)

Defendant contends that his sentence was both procedurally and substantively unreasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion"). A district court commits procedural error when it "fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake

3

in its Guidelines calculation, [ ] treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, [it] errs if it fails adequately to explain its chosen sentence . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (in banc).

Defendant did not timely raise his objections before the District Court; accordingly, his claims are subject to plain error review. We find plain error where (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. *See, e.g., United States v. Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010).

Here, defendant argues that the District Court committed procedural error because it did not explicitly state on the record that the applicable Guidelines range was 8 to 14 months. He further argues that the Court did not consider the Guidelines range in imposing its above-Guidelines sentence, as allegedly revealed by the fact that the written judgment did not explain the reasons for the upward departure but stated merely: "This sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines." Appx. at 13.

Though it may have been error for the District Court to fail to state the Guidelines range or include a statement of reasons in its written judgment, the error was not "plain" under the meaning of the term of art "plain error" because the error did not affect defendant's substantial rights. The District Court was clearly aware of the Guidelines range and considered it in imposing its sentence. Indeed, after reviewing a violation worksheet submitted by the Probation Office that calculated the Guidelines range at 8 to 14 months, and after hearing argument during which defense counsel noted that the Guidelines range was 8 to 14 months, the District Court stated that "the conduct that's reflected here and the history of that conduct demonstrates over the course of your behavior while under two terms of supervision with me [that] <u>the advisory guideline score is not the appropriate sentence and, in fact the statutory maximum is.</u>" Appx. at 28 (emphasis supplied). The Court also described at length and in open court the basis for its above-Guidelines sentence, including the "long tortured history" of defendant's violations of supervised release, the Court's previous warnings to defendant about the consequences for future violations, the fact that further terms of supervised release would be "pointless," and the fact that defendant would receive medical care for his myriad physical and psychological problems while incarcerated. Appx. at 27-29. Accordingly, there is no reason to believe that defendant would have received a lower sentence had the Court expressly stated the Guidelines range and more thoroughly reflected the reasons for its sentence in the written judgment.

We turn now to the question of substantive reasonableness, which we may consider at the same time that we review a sentence for procedural reasonableness. *See, e.g., Dorvee*, 616 F.3d at 182; *United States v. Cavera*, 550 F.3d 180, 194-97 (in banc). A district court's substantive determination should be set aside only in exceptional cases where the trial court's decision "cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (comparing substantive unreasonableness to the "manifest injustice" and "shocks-the-conscience" standards employed by the courts in other contexts).

Here, defendant claims, among other things, that the District Court failed adequately to account for defendant's mental disability and the "need in this case for treatment rather than sanction." In the

4

circumstances presented by this record, defendant's claim is without merit. The District Court obviously considered defendant's need for treatment, as revealed by its stated expectation that defendant would receive treatment while incarcerated. Appx. at 29. The Court was not required, however, to impose defendant's requested sentence of a period of home confinement.

## CONCLUSION

We have considered all of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court and **REMAND** the cause for the limited purpose of allowing the District Court to perform the ministerial task of including a statement of reasons in the written judgment, pursuant to 18 U.S.C. § 3553(c)(2).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court