14-4605-pr
Davis v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges.*
             RICHARD K. EATON,[1]
                     *Judge.*

_____

MONAE DAVIS,

                     *Petitioner-Appellant*,

            v.                                                    14-4605-pr
                                                                 16-783
UNITED STATES OF AMERICA,

                     *Appellee*.

_____

Appearing for Appellant:     Georgia J. Hinde, New York, NY.

Appearing for Appellee:      Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

---

[1] The Honorable Richard K. Eaton, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**.

Petitioner-appellant Monae Davis appeals from the June 10, 2014 decision and order of the United States District Court for the Western District of New York (Skretny, *J.*), dismissing his petition for habeas relief pursuant to 28 U.S.C. § 2255 as untimely, and its October 27, 2014 decision and order adhering to its prior decision on reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On May 1, 2009, Davis pleaded guilty in federal court to participating in a conspiracy to possess and distribute between 1.5 and 4.5 kilograms of cocaine base between June 2005 and October 2007. The conviction carried a statutory minimum sentence of 240 months, and an advisory guidelines range of 235 to 293 months. On August 26, 2009, Davis was sentenced to the statutory minimum sentence of 240 months.

Davis filed a direct appeal, and his then-attorney, Robin Smith, filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Davis filed pro se supplemental briefs arguing that his guilty plea should be set aside due to ineffective assistance of counsel, flaws in the plea allocution, and constructive amendment to the indictment. Our Court affirmed on July 6, 2011, holding that although there were several errors in the plea allocution, these errors did not affect Davis's substantial rights. The Court also held that the appeal waiver in the plea agreement was enforceable. Finally, the panel granted Smith's *Anders* motion. In a letter dated July 9, 2011, and postmarked on July 11, 2011, Smith informed Davis that her "assignment as [Davis's] counsel pursuant to the Criminal Justice Act is concluded," and included a copy of the summary order. App'x at 24.

Under Court rules, the mandate was eligible to be issued on July 27, 2011. It issued on August 2, 2011, before the Court received any further papers from Davis or Smith.

But Davis, in a motion dated July 17, 2011, asked for an extension of time to file a pro se motion for rehearing. Davis stated that he did not receive the summary order from his attorney until July 14, 2011. He requested an extension until August 10, 2011 to file, so that he could obtain assistance from a fellow prisoner in the law library. That motion was postmarked on July 18, 2011, but was not stamped "Received" until August 12, 2011, after the mandate had issued.

The docket reflects that, on August 12, 2011, a packet was sent to Smith, Davis's prior attorney, stating, "[b]ecause you represent the sender as counsel the papers are forwarded to you for appropriate action." App'x at 29, 18. However, that notice was dated August 15, 2011, and the docket reflects that the docket entry was made on August 15. The paper record also reflects that the packet was sent on August 15, 2011. That packet contained the motion for an extension dated July 17, 2011, the summary order, and the letter from Smith to Davis informing Davis that Smith was no longer serving as his attorney.

After mailing his July 17, 2011 motion for an extension, Davis sent another packet to the Court on August 4, 2011. That packet was stamped "Received" on August 8, 2011. Included with the papers were a letter from Davis, in which he stated that he sent a motion seeking an extension on July 17, 2011 and had yet to hear from the Court about that request,[1] a copy of the July 17, 2011 motion, and a petition for rehearing. This packet was transmitted to Smith on August 9, 2011.

Smith then submitted a declaration to the court stating that, on August 15, 2011, she received a copy of Davis's pro se petition for rehearing and motion for his pro se petition to be heard out of time. She further stated that she "believe[d] that the issues Appellant wishes to raise in his Pro Se Petition for Rehearing are frivolous," but that Davis "should have the benefit of presenting his claims in support of panel rehearing to this Court," and therefore "requested that Appellant be granted the permission to file a *Pro Se* Petition for Rehearing out of time." App'x at 32. Smith did not attach Davis's motions for an extension and for panel rehearing to this declaration, but these documents were transmitted to the panel. The motion remained pending until October 25, 2011, when an order was issued stating, "IT IS HEREBY ORDERED that the motion by Appellant Monae Davis for leave to file a *pro se* petition for rehearing out of time is DENIED." App'x at 34.

In his current appeal, Davis requests several alternative forms of relief, one of which is the recall of the mandate in *United States v. Johnson*, No. 09-3917, the direct appeal. Recall of this Court's mandate is "an unusual remedy intended for extraordinary circumstances." *Nnebe v. United States*, 534 F.3d 87, 91 (2d Cir. 2008). Nonetheless, "[o]ur power to recall a mandate is unquestioned." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996). Further, we have previously "exercise[d] our authority to recall the mandate [in related cases] *sua sponte* and reinstate [the related] appeal." *Arzuaga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015) (holding that, "[c]ontrary to our earlier conclusion," the previous appeal "was not untimely, and should not have been dismissed"); *see also Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 119 (2d Cir. 1998) (recalling the mandate when "a serious issue" existed about whether an appeal should have been dismissed as untimely). Indeed, in *Nnebe*, we recalled the mandate, vacated the prior judgment, and entered a new judgment to allow the petitioner to petition for certiorari when his prior counsel's negligence had prevented him from doing so previously. 534 F.3d at 91.

Similar relief is warranted here. Due to circumstances outside Davis's control, his timely motion for an extension was not received until well after the mandate issued. And despite his motion papers being postmarked July 18, 2011, neither Smith nor the Court recognized that the extension motion had indeed been timely. Further, this Court should not have issued the order denying Davis's motion, as construed by his former counsel, after the mandate had issued. We therefore exercise our authority to recall the mandate in No. 09-3917, vacate the judgment in that case, and reinstate that appeal. We also sua sponte consolidate Davis's prior appeal in No. 09-3917 with this appeal. Finally, we address the merits of Davis's motion for an extension of time, submitted on July 17, 2011. Because Davis was proceeding pro se at that time, we are required to construe his submissions to raise the strongest arguments they suggest. *See, e.g.*, *Haines v.*

---

[1] The record shows that this letter was sent to Smith, but not to the panel.

3

*Kerner*, 404 U.S. 519, 520 (1972). We therefore construe this motion as a timely motion for panel rehearing, and we deny that motion.

Based on our ruling on Davis's July 17, 2011 motion, his time to file a Section 2255 petition begins anew. A one-year statute of limitations applies to a petition filed under Section 2255, which begins running from, as is relevant here, the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Pursuant to Supreme Court Rule 13(1), (3), Davis may petition for certiorari on his direct appeal within 90 days from the date of this order, and therefore may file a timely Section 2255 petition within the next year plus 90 days. Accordingly, we vacate the district court's orders and judgment holding that Davis's § 2255 petition was untimely.

We have considered the remainder of Davis's arguments and find them to be without merit. Accordingly, the orders and judgment of the district court hereby is VACATED. We further recall the mandate and vacate the judgment in No. 09-3917, and consolidate that appeal with this one. Finally, we DENY Davis's motion submitted on July 17, 2011, construed as a timely motion for panel rehearing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk